**EXXON CHEMICAL PATENTS, INC., Plaintiff,**

v.

**The LUBRIZOL CORPORATION, Defendant.**

**Civ. A. No. H–89–3203.**

United States District Court, S.D. Texas, Houston Division.

Aug. 1, 1990.

William Charles Slusser, Baker & Botts, Houston, Tex., for Exxon Chemical Patents, Inc.

Kenneth R. Adamo, Jones Day Reavis & Pogue, Dallas, Tex., for Lubrizol Corp.

## MEMORANDUM AND ORDER

CALVIN BOTLEY, United States Magistrate.

Pending before the Court is Exxon's Motion to Strike Lubrizol's Objections to Plaintiff's Rule 30(b)(6) Deposition (# 53), Exxon's Motion for Protective Order (# 58), Exxon's Motion to Compel Lubrizol to Provide Complete Testimony on the Relationship With Castrol and Witco (# 66), Exxon Chemical Patents Unopposed Motion to Amend Protective Order (# 71), Lubrizol's Motion to Compel Exxon to Answer Interrogatories and Produce Documents (# 73), Lubrizol's Motion to Compel Exxon to Exchange Withheld Document Schedules (# 75), Lubrizol's Motion to Compel Completion of Deposition of Dr. Terence Colclough and Frederick A. Gibson (# 77), Lubrizol's Motion to Compel the Deposition of Dr. Keith Ingold, or In The Alternative, to Exclude (# 79), Motion for Protection by a Non–Party Witness (# 97), Exxon's First Motion to Compel Production of Documents and to Prohibit Obstructive Conduct During Depositions (# 112), Lubrizol's Motion for Protective Order Relating to the Deposition of Dr. Stanley Brois (# 113), and Lubrizol's Motion to Compel Response to Third Set of Interrogatories (# 114). After hearing the arguments of the parties and considering the applicable law, it is ORDERED:

1. Exxon's Motion to Strike Lubrizol's Objections to Plaintiff's Rule 30(b)(6) Depositions (# 53) is moot. The parties advised the court that Stephen Kirk appeared for his deposition pursuant to the deposition notice, thus judicial intervention is not warranted.

2. Exxon's Motion for a Protective Order (#58) is RESERVED pending the submission of an affidavit supporting its work product privilege. Lubrizol seeks discovery of the factual basis for Exxon's complaint contending that it is essential to refute the infringement charges against it. Exxon claims that the facts on which the requested analyses is based constitutes work product. Documents and materials developed by a lawyer for use in or in anticipation of litigation can be protected under the work product privilege. *Hodges, Grant & Kaufman v. United States Department of Treasury,* 768 F.2d. 719 (5th Cir.1985). The work product doctrine applies to documents and tangible things prepared in anticipation of litigation by or for another party, or by or for that party's lawyer or other representative, as well as to an attorney's mental impressions, conclusions, opinions, or legal theories. *In re International Systems and Controls Corporation Securities Litigation,* 91 F.R.D. 552 (S.D.Tex.1981). The party asserting the privilege has the burden of showing that the materials sought constitute work product. To establish that the doctrine applies, the party opposing discovery must show that the work product it seeks to protect was prepared and obtained because of the prospect of litigation. *Delco Wire and Cable, Inc. v. Weinberger,* 109 F.R.D. 680 (E.D.Pa.1986). Litigation need not necessarily be imminent to protect documents prepared by attorneys in anticipation thereof to be within the work product doctrine, as long as the primary motivating purpose behind creation of the document was to aid in possible future litigation. *United States v. Orr,* 645 F.2d. 71 (5th Cir.1981), *cert. denied,* 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981). Courts must distinguish between reports prepared in response to an unfortunate event that might well lead to litigation, and materials prepared as an aid to litigation. The work product doctrine is not an umbrella that shades all materials prepared by the lawyer, the doctrine focuses on material assembled and brought into being in anticipation of litigation. *United States v. El Paso Co.,* 682 F.2d. 530 (5th Cir.1982), *reh'g denied,* 688 F.2d. 840 (1982), *cert. denied,* 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1983). If the materials are assembled in ordinary course of business or pursuant to public requirements unrelated to litigation, the documents are not shielded by the work product privilege. *Id.* It is therefore

ORDERED that Exxon shall file within fifteen (15) days from entry of this Order a list of privileged documents and an affidavit setting forth the reasons why the documents are privileged. If the information is work product, Plaintiff must demonstrate that the materials were prepared in anticipation of litigation. *See generally, Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). If the materials are not work product, they must be tendered to opposing counsel.

3. Exxon's Motion to Compel Lubrizol to Provide Complete Testimony on the Relationship with Castrol and Witco (#66) is GRANTED. Exxon noticed the Rule 30(b)(6) depositions of a person to testify about the relationship between Lubrizol and Witco and a person qualified to testify about the relationship between Lubrizol and Castrol. Lubrizol designated Stephen Kirk to testify in response to both notices. During the deposition, he was instructed not to answer any of Exxon's questions about the identity of Lubrizol products not actually sold to either Witco or Castrol, including products which are being tested and evaluated for Witco or Castrol with sales as the goal. Exxon moves for an order compelling Lubrizol to testify about the relationship with Witco and Castrol contending that this information is relevant in determining the extent of Lubrizol's infringing activities. Further, Exxon contends that the testing programs may infringe the patent and are not protected by the experimental use exception because such experiments evidence commercial success and thus are relevant to the validity and value of the patent use.

Lubrizol contends that the information Exxon seeks is highly confidential research and experimental work with formulations which may or may not ever evolve into commercial products. Lubrizol con-

tends that its current research is much too sensitive and irrelevant to release under even the strictest of protective orders. Further, this information is not relevant in determining any alleged infringement because the research is an experimental use which cannot constitute infringement of the patent.

■ Pursuant to 35 U.S.C. § 271(a), which provides in pertinent part:

Whoever without authority makes, uses or sells any patented invention within the United States during the term of patent therefor infringes the patent.

Section 35 U.S.C. § 271(e)(1) provides:

It shall not be an act of infringement to make, use, or sell a patented invention (other than a new animal drug or veterinary biological product (as those terms are used in the Federal Food, Drug, and Cosmetic Act and the Act of March 4, 1913), which is primarily manufactured using recombinant RNA, hybridoma technology, or other processes involving site specific genetic manipulation techniques) solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products.

The experimental use exception of 35 U.S.C. § 271(e)(1) applies if the sole purpose of the use of the patent is to gratify a philosphical idea, or curiosity, or for mere amusement. *Poppenhusen v. Falke*, 19 Fed.Cas. 1048, 1049 (C.C.S.D.N.Y.1861). *Accord, Phizer, Inc. v. International Rectifier Corp.*, 217 U.S.P.O. 157, 160 (C.D. Cal.1982). Further, Section 271(e)(1) allows a party to make, use or sell any type of "patented" invention if solely for purposes reasonably related to submission of information to the FDA. *Eli Lilly and Company v. Medtronic, Inc.*, 872 F.2d. 402 (Fed. Cir.1989), *cert. granted*, —— U.S. ——, 110 S.Ct. 232, 107 L.Ed.2d 183 (1989). In the instant action, Lubrizol has failed to establish that the information Exxon seeks falls within the experimental use section. Although Lubrizol contends that the experimental Castrol program is subject to modi-

fication and cancellation at any time prior to its completion, that the sales literature has not been developed and no orders have been solicited, or that the formulation is not for sale, this is insufficient for Lubrizol to meet its burden because the purpose of the Lubrizol's testing is primarily for business reasons. The fact that the formulations are not for sale at this time does not justify the infringement of the patent, if Lubrizol is contending that it is using the 890 patent in its tests. Lubrizol must disclose the relationship between Castrol & Witco subject to any privileges.

■ If Lubrizol is claiming that the information sought constitutes confidential information, then Lubrizol has the burden of establishing confidentiality. There is no absolute privilege for trade secrets and similar confidential information. *Centurion Industries, Inc. v. Warren Steurer and Associates*, 665 F.2d. 323 (10th Cir. 1981). In order to establish confidentiality, a person must establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful. *Heat & Control, Inc. v. Hester Industries*, 785 F.2d. 1017, 1025 (Fed.Cir.1986). The protection given trade secrets is not absolute. Once the moving party establishes the information constitutes trade secrets, the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary to the action. *Id.* The district court must balance the need for the trade secrets against the claim of injury resulting from disclosure. *Id.* In the instant action, although Lubrizol contends that the information Exxon seeks is confidential, Lubrizol has failed to show that the documents were protected because they contain trade secrets. The Court will allow Lubrizol an opportunity to file an affidavit within fifteen (15) days from entry of this order sufficiently describing the nature of the trade secrets it deserves to protect to warrant non-disclosure, how disclosure would be harmful, and why a protective order would not adequately protect its trade secrets. Lubrizol should be mindful that an improper assertion of a privilege is no assertion at all.

4. Exxon's Unopposed Motion to Amend Protective Order (# 71) is GRANTED. The parties shall file its amended Protective Order within twenty (20) days from entry of this Order.

5. Lubrizol's Motion to Compel Plaintiff to Answer Interrogatories and Produce Documents (# 73) is GRANTED. Lubrizol served interrogatories and requests for production of documents on Exxon. Lubrizol contends that the information sought goes directly to the heart of the case because it deals with issues of infringement, validity, enforceability, and damages pertaining to Exxon's alleged 890 patent. Lubrizol contends that the responses have been incomplete and evasive and Exxon's failure to comply denies Lubrizol of full discovery of relevant facts and Exxon's contentions about those facts. Lubrizol moves for an order compelling Plaintiff to fully comply with the discovery requests.

Exxon contends that it has made a good faith effort to comply with the discovery propounded and that its post filing research, testing, development and commercialization data is irrelevant to many issues regarding patent validity and damage. Exxon's discovery responses fall into basically three (3) different categories, to wit:

█ A. The interrogatories and/or request for production are irrelevant.

Federal Rule of Civil Procedure, Rule 26(b)(1) provides:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The test is not whether the information is admissible at trial, but whether it appears reasonably calculated to lead to the discovery of admissible evidence. Thus, as long as the information may lead to admissible evidence, it is discoverable.

B. Rule 33.

Federal Rules of Civil Procedures 33(c), provides in pertinent part:

Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

This section gives the party an option to make the records available and place the burden of research on the party who seeks the information. However, to invoke this rule the burden of ascertaining the answer should be substantially the same for both parties. *See generally,* Fed.R.Civ.P. 33(c), Advisory Committee's Note. Further, the responding party has a duty to specify by category and location, the records from which answers to interrogatories can be derived. In numerous Interrogatories Exxon states that it will produce documents from which information responsive to this interrogatory may be derived or ascertained pursuant to Fed.R.Civ. 33. It is therefore

ORDERED that Exxon shall categorize the documents from which the answers to

the interrogatories may be ascertained and provide them to Lubrizol within the ten (10) days from entry of this Order.

C. The responses are premature. Exxon contends that it is unable to adequately respond to Lubrizol's discovery requests because Lubrizol has not yet complied with Exxon's discovery.

Federal Rule of Civil Procedure 26(e) defines situations in which a duty to supplement arises and also spells out circumstances in which a duty may be imposed beyond that created in the rule. In this action Exxon contends that it is unable to comply with the discovery requests until Lubrizol complies with Exxon's discovery.

It is ORDERED that Exxon comply with the discovery requests as completely as possible with the facts and information before it; however, if additional information is received and the new information renders substantially incomplete or inaccurate its response, Exxon is under a duty to supplement its answers. Exxon shall have ten (10) days of entry of this order to comply. In light of the foregoing discovery rules, the Court enters the following Order.

*Interrogatory No. 1*

The objections are overruled. Exxon shall provide complete and full answers to this interrogatory or provide Lubrizol documents in which the answer may be ascertained. The test is not whether the information is admissible at trial, but if it appears reasonably calculated to lead to the discovery of admissible evidence. *See generally*, Fed.R.Civ.P. 26.

*Interrogatory No. 2*

*See*, paragraph B

*Interrogatory No. 3*

*See*, paragraph B

*Interrogatory No. 4*

The objection is overruled. Lubrizol seeks the identity of certain products and processes which Exxon contends are covered by the 890 patent. This information clearly may lead to the discovery of admissible evidence.

*Interrogatory No. 5*

The objection is sustained. Exxon contends that it is unable to formulate contentions as to the infringement of each of the claims of the 890 patent and all of Lubrizol's products because it has not received the discovery from Lubrizol. Exxon is ORDERED to answer the interrogatory as complete as possible. If additional information is received by Exxon and it has received and reviewed the outstanding discovery, it shall supplement this interrogatory.

*Interrogatory No. 6*

The objection is sustained. This case does not involve third parties and knowledge of such will not lead to discoverable evidence.

*Interrogatory No. 7*

The objection is overruled. Exxon shall provide a complete answer to this interrogatory. If Exxon is claiming that the work product privilege shields it from disclosing the information, it has ten (10) days to properly assert it.

*Interrogatory No. 9*

See paragraph B

*Interrogatory No. 10*

The objection is overruled. Exxon shall answer this interrogatory as completely as possible. If alternative contentions are formulated at a later date, Exxon shall supplement its response.

*Interrogatory Nos. 11, 12*

Exxon is instructed to answer this interrogatories as completely as possible. If Exxon cannot answer these interrogatories it must state that. If alternative contentions are formulated at a later date, Exxon shall supplement its responses.

*Interrogatory No. 13*

See paragraph B

*Interrogatory No. 14*

See paragraph B

*Interrogatory No. 15*

Exxon contends that it has no present contention concerning the scope of the relevant art. Exxon is instructed that if subse-

quent contentions arise they are to supplement this answer.

*Interrogatory No. 16*

Exxon is instructed to answer the interrogatory as completely as possible. If subsequent contentions arise Exxon shall supplement its answer.

*Interrogatory No. 17*

Exxon is instructed to answer the interrogatory as completely as possible. If subsequent contentions arise, Exxon shall supplement its answer.

*Interrogatory No. 19*

The objection is overruled. Exxon shall provide its *present* contention concerning support for each element claimed in the invention. Exxon has the continuing duty to supplement its answer. *See, generally,* Fed.R.Civ.P. 26(e).

*Interrogatory No. 20*

Exxon shall provide a full response to this interrogatory. If Exxon has already provided this information or does not have access to the information, it shall certify in writing.

*Interrogatory No. 21*

Exxon shall identify each license embraced in Interrogatory No. 20 and then state the royalty information for each license. If it does not apply, Exxon shall so state in writing. It's former response "not applicable" is too evasive. Exxon is instructed to supplement its response within ten (10) days from entry of this Order.

*Interrogatory No. 22*

See paragraph A

*Interrogatory No. 23*

See paragraph B

*Document Request # 2*

Exxon shall produce documents responsive to this request. Lubrizol is entitled to discover Exxon's first conception and/or first reduction to practice. This information may lead to admissible evidence in this case.

*Document Requests # 3, # 13, # 14, # 15, # 20*

Exxon shall produce documents responsive to the request within ten (10) days

from entry of this Order. *See generally,* paragraph B.

6. Lubrizol's Motion to Compel Plaintiff to Exchange Withheld Document Schedules (# 75) is GRANTED. The Plaintiff shall give their privileged list to Exxon by August 31, 1990.

7. Lubrizol's Motion to Compel the Completion of the Deposition of Dr. Terence Colclough and Frederick A. Gibson (# 77) is GRANTED, in part. The deposition of Frederick A. Gibson has been completed. The Court has reviewed the deposition testimony of Terence Colclough and has determined that the deposition of Dr. Colclough will go forward in Houston, Texas. Lubrizol may depose Dr. Colclough for two (2) additional days. The parties shall agree to a time, date and place of the deposition and notify the Court in writing of this information.

8. Lubrizol's Motion to Compel the Completion of the Deposition of Dr. Keith Ingold, Or In The Alternative, to Exclude (# 79) is GRANTED. The deposition of Dr. Ingold will go forward. The parties shall agree on the time, date, and place of the deposition and notify the Court in writing of such information. Counsel are admonished that their failure to comply with the Texas Lawyer's Creed—A Mandate for Professionalism promulgated by the Supreme Court of Texas and the Texas Court of Criminal Appeals and adopted by this Court *will* result in monetary sanctions being imposed against counsel individually.

9. Plaintiff's Motion for Protection by a Non–Party Witness (# 97) is DENIED. On June 4, 1990, Lubrizol subpoenaed Dr. Lee Brodsky, a former employee of Exxon, for a deposition concerning issues which occurred while he was an employee of Exxon. Dr. Brodsky agreed to appear, but requested that the parties reimburse him for his lost income of $100.00 per hour or $750.00 per day. Exxon agreed to pay this amount but Lubrizol only agreed to pay Brodsky the $750.00 per day to go forward with the deposition with the proviso it would be reimbursed if it prevailed on the motion. This motion seeks to have Lubrizol compensate Brodsky for his time.

Lubrizol's main contention is that under 28 U.S.C. § 1821 it is only obligated to pay Brodsky a witness fee of $30.00 per day. Section 1821 provides in pertinent part:

A witness shall be paid an attendance fee of $30 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

Section 1821 limits the amount of witness fees to $30.00 per day and makes no provisions for the trial court awards to exceed that amount. *See generally, Crawford Fitting Company v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). The rationale for limiting witnesses to one fee is that in order to fairly compensate everyone appearing as a witness it would be necessary to have either a graduated scale of fees or leave the amount of such fees in the discretion of the Judge. *See generally,* Senate Judiciary Committee, 81st Cong., 1st Sess., Vol. 2 at 1232 (1949). The committee then reasoned that neither of the above options were feasible and therefore the amounts arrived at were considered to be reasonably fair to average witnesses. *Id.*

To pay a witness an amount to cover lost wages would be contrary to § 1821. The deposition in this case lasted for two (2) days. Accordingly, a witness fee of $60.00 is appropriate. Dr. Brodsky is ORDERED to reimburse Lubrizol the balance of the fee paid to him to attend his deposition.

10. Exxon's First Motion to Compel Production of Documents and to Prohibit Obstructive Conduct During the Depositions (# 112), Lubrizol's Motion to Compel Responses to Third Set of Interrogatories (# 114) is RESERVED. The parties shall refile these matters *only after* they have conferred with each other. The parties are instructed to submit to the Court a list of unresolved matters pertaining to these motions, by Thursday, August 30, 1990. A hearing on these matters will be held Monday, September 10, 1990, at 10:00 a.m. If the parties have settled a particular dis-covery dispute, they are directed to promptly notify the Court. Further, the failure to submit a list by the above mentioned date will result in the objections being waived.

11. Lubrizol's Motion for Protective Order Relating to the Deposition of Dr. Stanley Brois (# 113) is GRANTED. On June 27–28, 1990, a deposition was taken by notice and agreement between counsel for the parties from Dr. Brois, an employee of one of the Exxon U.S.A. companies affiliated with Exxon Chemical Patents. During the afternoon of June 28, 1990, the deposition was adjourned because the examination to that point showed that a number of called for but not produced documents whose existence and relevance first became apparent during the deposition were not then available. Lubrizol contended that rather than waste Dr. Brois' time, the document issues would be addressed and resolved between counsel and the examination completed when the documents were available. Exxon wanted to continue with the deposition despite the fact that the direct examination had not been completed. Lubrizol requests that the Court enter an Order directing that Exxon's questioning of Dr. Brois be discontinued until such time as the direct examination is completed. Exxon contends that Lubrizol's obstructive conduct was the cause of the controversy and that this is just another way to get around the one deposition per person rule. Exxon contends that Lubrizol's strategy has been to demand immediate depositions of Exxon's employees before it understands all of the documents it has been furnished and to take lengthy depositions and then claim it is unable to complete the deposition because of insufficient documents. The parties are instructed that Lubrizol's direct examination will go forward followed by Exxon's questioning. Further, the parties are instructed to review the documents *before* the deposition is scheduled; *failure to do so will result in sanctions being imposed.* The one deposition per person will be adhered to strictly. If the parties cannot agree after good faith discussions to resolve the matter, they may seek judicial intervention at the time of the deposition. However, if the Court finds that one or

both parties are abusing the discovery process, they will be severely sanctioned and/or referred to the disciplinary committee of this Court.

The Clerk is directed to furnish all counsel with a true copy of this Order.