[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO COMPEL (#102) AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER (#103)
The plaintiff, Microtech International, Inc., has filed a complaint against the defendant, Thomas Fair, alleging in the first count that the defendant violated General Statutes35-51(d), the Uniform Trade Secrets Act, by misappropriating the plaintiff's customer account names, pricing and marketing strategies, and product information. The plaintiff further alleges that the defendant was employed by the plaintiff between 1986 and 1991, and the defendant has disclosed or threatened to disclose trade secrets that he "acquired under circumstances giving rise to a duty to maintain its secrecy or limits its use [,] or . . . derived from . . . a person who owed a duty to [the plaintiff] to maintain its secrecy or limit its use. . . ." CT Page 8867
The second count of the complaint alleges that the defendant breached a "Confidentiality Agreement" entered into between the plaintiff and the defendant, by disclosing confidential information protected under the agreement, including customer lists, call sheets, product information, and addresses and telephone numbers.
In the third count, the plaintiff alleges that it will suffer irreparable harm if the defendant continues to disclose the plaintiff's trade secrets or confidential information.
The defendant has filed an answer and counterclaim alleging that the plaintiff's lawsuit constitutes abuse of process tortious interference with a business expectancy, and negligent and intentional infliction of emotional distress.
Before the court are the plaintiff's motion to compel and the defendant's motion for protective order. The plaintiff's motion requests an order directing the defendant to answer deposition questions and produce documents relating to customer contacts and product sales made by the defendant as an employee with Loviel Computer Corporation ("Loviel") after leaving the plaintiff's employment. The defendant opposes the motion to compel claiming that an agreement with Loviel bars him from divulging the information requested, since the information constitutes confidential information. The defendant also argues that he faces civil liability pursuant to General Statutes 35-51
if he answers the plaintiff's questions and requests for production, since the information sought by the plaintiff constitutes trade secrets owned by Loviel.
The defendant's motion for protective order requests that the plaintiff be precluded from inquiring into "customer specific information of the defendant [o]r his employer until the plaintiff first can show probable cause that the defendant has engaged in wrongdoing." The plaintiff has stated that it is willing to comply with protective measures issued by this court in connection with its motion to compel.
The plaintiff is moving to compel the defendant to answer questions and produce documents relating to customer accounts shared by the plaintiff and the defendant's present employer, Loviel. The plaintiff contends that the questions and documents are relevant and necessary to a determination of the plaintiff's CT Page 8868 claim against the defendant, since the defendant's misappropriation of trade secrets can only be proven by evidence concerning the defendant's conduct in soliciting business from plaintiff's customers.
The defendant responds in opposition, however, that the information sought by the plaintiff constitutes trade secrets owned by the defendant's employer, Loviel. The defendant argues that he does not retain "possession, custody and control" of these secrets, and it would be "oppressive and burdensome" to require the defendant to divulge his employer's trade secrets when he is legally bound to avoid disclosure of such information.
Practice Book 218 states:
 In any civil action . . . a party may obtain . . . information . . . or documents . . . which are not privileged, . . . and which are within the knowledge, possession or power of the party to whom the discovery is addressed. Discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure.
Thus, where the information requested is "reasonably calculated to lead to the discovery of admissible evidence," disclosure is proper. Sanderson v. Steve Snyder Enterprises, Inc., 196 Conn. 134,139, 491 A.2d 289 (1985).
It appears that Connecticut law does not address whether trade secrets constitute privileged information that is beyond the scope of discovery. Both parties cite case law from other jurisdictions, however, which support the view that trade secrets are discoverable. See Friction Division Prods., Inc.,658 F. Sup. 998, 1006 (D.Del. 1987) (the party opposing discovery must "show that the requested information is a trade secret and that the disclosure . . . might be harmful . . . [Then] the burden shifts to the moving party to establish that the requested information is relevant and necessary to the cause of action."); Exxon Chemical CT Page 8869 Patents, v. Lubrizol Corp., 131 F.R.D. 668, 671 (S.D.Tex. 1990) ("there is no absolute privilege for trade secrets and similar confidential information"); Duracell, Inc. v. SW Consultants. Inc., 126 F.R.D. 576, 579 (N.D.Ga. 1989) (the court must "balance the potential harm to the defendants from disclosure against the need plaintiff has shown . . . [and] determination of whether the need outweighs the harm falls within the sound discretion of the trial court").
It is clear that the information which the plaintiff seeks concerns customer accounts and product markets shared by the plaintiff and the defendant's present employer, Loviel. The court is of the opinion that the plaintiff's claim for misappropriation of trade secrets necessitates discovery relative to whether the defendant solicited customers for Loviel by utilizing confidential information he obtained while in the employ of the plaintiff.
The defendant points out that since the information requested is owned by the defendant's employer, the defendant does not maintain "possession, custody and control" as required by Practice Book 218. However, 218 requires merely that the information requested be "within the knowledge, possession or power of the party," and in the present case, the defendant's duties as an employee of Loviel entails the direct use of customer lists and product and marketing information which the plaintiff seeks to discover. Insofar as the questions and documents requested by the plaintiff concern the activity and knowledge of the defendant while in his employment at Loviel, the information is within the knowledge of the defendant and must be disclosed.
Since no Connecticut case has held that trade secrets are barred from discovery, and further, since it appears to the court that the questions and documents at issue are relevant and necessary to a determination of the plaintiff's cause of action, the plaintiff's motion to compel is granted, subject to the protective orders hereinafter set forth.
As indicated above, also before the court is the defendant's motion for protective order. Practice Book 221, governing protective orders, states:
 Upon motion by a party from whom discovery is sought, and for good cause CT Page 8870 shown, the court may make an order . . . that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way. . . .
Moreover, pursuant to General Statutes 35-55, the court is directed to:
 preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings holding in-camera hearings, sealing the records of the action and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.
In the present case, the defendant asks this court to issue a protective order precluding the plaintiff from making "further inquiry into matters that are relevant only to damages until a later point in time when the plaintiff first can show that the defendant has engaged in wrongdoing." The defendant also asks this court to preclude the plaintiff from discovering "customer specific information of the defendant [and] his employer until the plaintiff first can show probable cause that the defendant has engaged in wrongdoing."
Both of these proposed protective orders disregard the fact that in order for the plaintiff to demonstrate any wrongdoing or the part of the defendant, the plaintiff must first discover the very information which the defendant seeks to preclude. The court is of the opinion that the plaintiff's cause of action for misappropriation of trade secrets requires the plaintiff to demonstrate that the defendant utilized confidential information relating to the plaintiff's customers, solicitation techniques, and product sales while in the employ of Loviel. Thus, the plaintiff's discovery requests, related as they are to the defendant's conduct in the solicitation of customers shared by the plaintiff and the defendant's employer, do not merely affect the amount of damages that may be recouped in the plaintiff's action, but rather, bear directly upon the issue of wrongdoing raised by the plaintiff's claim. CT Page 8871
The defendant, an employee of Loviel who owes Loviel a duty of confidentiality pursuant to his employment contract, does have standing to seek trade secret protection pursuant to Practice Book 221 and General Statutes 35-55. However, the particular orders sought by the defendant would unfairly deprive the plaintiff of inquiry into information that is material to its cause of action. Therefore, the defendant's motion for protective order is granted only to the extent that any discovery is to be conducted in private with only those persons involved in the litigation being present, the court file in this case is ordered sealed, and any person involved in this litigation is not to disclose any alleged trade secret without prior court approval.
Accordingly, the plaintiff's motion to compel (#102) is granted, and the defendant's motion for protective order (#103) is granted as modified above.
HADDEN, J.