[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SANCTIONS #106AND MOTION FOR PROTECTIVE ORDER
This is an action for a breach of contract. The defendant has filed an answer, special defenses and counterclaim. The plaintiff has filed ten special defenses to the defendants counterclaim. The dispute centers around a contract for the manufacture, sale and installation of an industrial machine known as an automated selective plating cell[1] ("the machine"). The defendant's special defenses allege that the plaintiff failed to comply with the deadlines set forth in the contract, that the defendant has made full payment for the reasonable value of the goods tendered and the services performed, and that the plaintiff's performance was unworkmanlike. The plaintiff's ten special defenses allege that the plaintiff's failure to complete the project on time was a direct result of the defendant's failure to comply with the terms of payment which, in turn, prevented the plaintiff from paying the subcontractors whose goods and services were necessary to complete the construction and installation of the machine.
On November 3, 1995, the defendant noticed the deposition of the plaintiff's president, William S. Nagy. The notice directed the deponent to bring with him his entire file concerning the manufacture, installation and testing of the machine. These materials were to include "all documents from vendors who produced parts for the machine, all prints for said parts, all notices of cancellation from vendors for nonpayment, all records, time sheets and the like showing the work that was performed on said machine, all records of payments to vendors for parts ordered or installed in the machine, all correspondences between Automation Systems Integration, Inc. and any vendors relating to the machine . . ." The plaintiff did not file a motion for a protective order prior to the deposition.
At the scheduled deposition, Mr. Nagy refused to produce any documents or to provide any testimony regarding the role of the subcontractors in the construction and installation of the machine, claiming that this information constituted "proprietary" information which is insulated from discovery. The defendant filed this Motion for Sanctions (#106). The defendant opposed the motion for sanctions and filed a motion for a protective order regarding the information concerning the subcontractors.
Motion for Sanctions #106
CT Page 4312
Practice Book § 243 provides:
 In addition to other provisions for discovery . . . any party who has appeared in a civil action . . . where the court finds it reasonably probable that evidence outside the record will be required, may, at anytime after the commencement of the action . . . take the testimony of any person, including a party, by deposition upon oral examination.
"Any party may be compelled by notice to give a deposition . . . The giving of the notice . . . unless modified by the court, constitutes an order to the deponent to appear at the time and place designated in the notice and to submit to examination and cross-examination as permitted at trial . . . All questions,including those objected to, are to be answered . . . unless theobjecting party procures from the court a protective orderprecluding or limiting the scope or disclosure of discovery." (Citations omitted; emphasis added.) Pavlinko v. Yale-New HavenHospital, 192 Conn. 138, 143, 470 A.2d 246 (1984).
Practice Book § 231 gives this court discretion to impose appropriate sanctions for the failure to comply with discovery requests "as the ends of justice require." In the event of a party's failure to answer some or all questions at a deposition, the court may make such an order as the ends of justice require.Pavlinko v. Yale-New Haven Hospital, supra, 192 Conn. 143. Possible sanctions may include: (1) the entry of a nonsuit or default; (2) an award of costs including attorney's fees; (3) an order that certain facts shall be taken as established; (4) an order that certain evidence shall be excluded; and (5) the entry of a judgment of dismissal. Practice Book § 231. "Factors to be considered in determining an appropriate sanction are (1) the cause of the deponent's failure to respond to the posed questions, that is, whether it is due to inability rather than the willfulness, bad faith or fault of the deponent . . . (2) the degree of prejudice suffered by the opposing party, which in turn may depend on the importance of the information requested to that party's case; and (3) which of the available sanctions would, under the particular circumstances, be an appropriate response to the disobedient party's conduct." Pavlinko v. Yale-NewHaven Hospital, supra, 192 Conn. 144.
In the present case, it is undisputed that the plaintiff failed to obtain a protective order before the deposition CT Page 4313 occurred. The plaintiff attempts to justify this omission on the grounds that it could not have anticipated that the defendant would ask questions regarding the subcontractors. In support of this argument, the plaintiff cites the following from Justice Berdon's concurring opinion in Cahn v. Cahn, 225 Conn. 666,681, 626 A.2d 296 (1993), as controlling authority:
 I do not read Practice Book 247(b) to require the party deponent to answer every question proposed. . . A deponent cannot predict each question that will be asked, and is therefore unable to obtain a protective order for an unanticipated line of questioning. Would the court order sanctions if a party deponent refused to respond to an unanticipated line of questioning involving privileged communications between the party and his or her attorney? Our holding in Pavlinko . . . must be held to its facts — that is, the plaintiff-deponent refused to answer the question after he was given an opportunity to be heard before the trial court, and after he was ordered to answer by the trial court.
(Citations omitted.).
In this case there was no question as to the kind of questions the defendant intended to ask. The notice of deposition clearly put the deponent on notice that he would be questioned regarding the plaintiff's relationship with its subcontractors. Thus, the plaintiff's failure to obtain a protective order cannot be excused. Pursuant to Practice Book § 231 the court therefore will sanction the plaintiff and require that it pay all stenographic costs incurred by the defendant resulting from the deposition of the plaintiff that occurred on November 30, 1995.
Motion for Protective Order
In reaction to the defendant's motion for sanctions, the plaintiff has filed a motion for a protective order, pursuant to Practice Book § 221(7), with respect to the subcontractors on the ground that this information constitutes "trade secrets" which are insulated from civil discovery. The plaintiff alleges that the following information sought by the defendant constitute trade secrets: (1) the plans, drawings and specification for the machine; (2) the concepts, processes and designs for the CT Page 4314 machine; and, (3) the identity of the subcontractors to whom the concepts, fabricating processes, drawings and specifications have been sent for the purpose of fabricating the parts needed to build and install the machine.
The granting or denial of a discovery request rests within the sound discretion of the trial court, yet this discretion is limited through the provisions of the rules pertaining to discovery, including the mandatory provision that discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of an action. StandardTallow Corporation v. Jowdy, 190 Conn. 48, 57-59, 459 A.2d 503
(1983). Practice Book § 221 governs the issuance of a protective order and provides in pertinent part:
 Upon motion by a party from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way . . .
(Emphasis added.).
"It appears that Connecticut law does not address whether trade secrets constitute privileged information that is beyond the scope of discovery." Microtech International, Inc. v. Fair,
Superior Court, judicial district of New Haven, Docket No. 32 83 08 (September 18, 1992) (Hadden, J., 7 Conn. L. Rptr. 378, 7 CSCR 1198). Since Practice Book § 221 is nearly identical to Federal Rule of Civil Procedure 26(c), it is appropriate for this court to look to federal case law for guidance in this matter. See Beta Squared,Inc. v. Thor Designs, Superior Court, judicial district of Danbury, Docket No. 30 71 39 (April 19, 1993, McGrath, J.,8 CSCR 486).
Under Rule 26(c), confidential commercial information, as well as trade secrets, enjoy no privilege from disclosure, although courts may choose to protect such information. Coca-ColaBottling Co. v. Coca-Cola Co., 107 F.R.D. 288, 292 (D. Del. 1985); United States v. International Business MachinesCorp., 67 F.R.D. 40 (S.D.N.Y. 1975). "It is within the sound discretion of the trial court to decide whether trade secrets CT Page 4315 are relevant and whether the need outweighs the harm of disclosure." Centurion Industries, Inc. v. Warren Steurer Associates, 665 F.2d 323, 326 (10th Cir. 1981). Thus, where the information sought is relevant and necessary to the present of the case, the fact that the information constitutes a trade secret need not bar discovery. Spartanics, Ltd. v. DyneticsEngineering Corp., 54 F.R.D. 524 (N.D. ILL. 1972). The party attempting to bar discovery through a deposition must make a threshold showing that the information sought rises to the level of a trade secret, and that there is "good cause" for the protective order to be issued. Turick By Turick v. Yamaha MotorCorp., USA, 121 F.R.D. 32, 35 (S.D.N.Y. 1988); Cooper v. WelchFoods, Inc., 105 F.R.D. 4, 6 (W.D.N.Y. 1984). "The balance between the need for the information and the need for protection against the injury caused by disclosure is tilted in favor of disclosure once relevance and necessity have been shown." Coca-ColaBottling Co. v. Coca-Cola Co., supra, 107 F.R.D. 293.
In this case, the plaintiff has produced no evidence to convince this court that what it is attempting to protect is a "trade secret" or even if it was that there is "good cause" for it to be protected. The plaintiff has raised issues and now seeks to preclude the defendant from seeking proper, relevant and necessary information in the defense of its claims. The plaintiff has opened the door to this line of inquiry by raising the issue of the subcontractors in its complaint and special defense to the defendant's counterclaim. The plaintiff alleges that its inability to complete the project on time was the result of the defendant's failure to make timely payment which, in turn, caused the cancellation of orders for parts and services necessary for the completion of the machine. As such, this information is both relevant and necessary to the present case. The court therefore will deny the plaintiff's Motion for Protective Order.